IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMANTHA BANKS,

               Plaintiff,

    v.

CAROLYN W. COLVIN,
Acting Commissioner, Social
Security Administration,

               Defendant.

No. 3:14-cv-01306-HZ

OPINION & ORDER

Merrill Schneider
SCHNEIDER KERR & GIBNEY
P.O. Box 14490
Portland, Oregon 97293

       Attorney for Plaintiff

Billy J. Williams
ACTING UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

1 – OPINION & ORDER

Ronald K. Silver
ASSISTANT UNITED STATES ATTORNEY
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Lisa Goldoftas
SPECIAL ASISTANT U.S. ATTORNEY,
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

       Attorneys for Defendant

HERNANDEZ, District Judge:

       Plaintiff Samantha Banks brings this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits (DIB) and supplemental security income (SSI). This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). I reverse the Commissioner's decision and remand for further administrative proceedings.

## PROCEDURAL BACKGROUND

       Plaintiff applied for DIB and SSI on January 14, 2011, alleging an onset date of January 1, 1995. Tr. 192-95, 196-01. Her application was denied initially and on reconsideration. Tr. 129-32, 140-42; 133-36, 133-44.

       On June 7, 2013, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 31-63. On October 4, 2013, the ALJ found Plaintiff not disabled. Tr. 9-28. The Appeals Council denied review. Tr. 1-5.

## FACTUAL BACKGROUND

       Plaintiff alleges disability based on a back issue, asthma, depression, anxiety, and stomach issues/ovarian mass. Tr. 230, 278. At the time of the hearing, she was 29 years old. Tr. 194. She has a G.E.D. and has no past relevant work experience. Tr. 20, 231. Because the

2 – OPINION & ORDER

parties are familiar with the medical and other evidence of record, I refer to any additional relevant facts necessary to my decision in the discussion section below.

## SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(3)(a).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the plaintiff's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

3 – OPINION & ORDER

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets her burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date through her date of last insured. Tr. 14. Next, at steps two and three, the ALJ determined that Plaintiff has severe impairments of posttraumatic stress disorder, dysthymia, somatoform disorder NOS, personality disorder NOS, marijuana abuse, obesity, and mild asthma, but that the impairments did not meet or equal, either singly or in combination, a listed impairment. Tr. 14-15.

At step four, the ALJ concluded that Plaintiff has the RFC to perform light work, as defined in 20 CFR 404.1567(b) and 416.967(b), as long as it does not involve hazards, is limited to occasional postural activities, and does not require kneeling, crouching or crawling. Tr. 16. The ALJ also recommended that Plaintiff avoid concentrated exposure to fumes, dust, odors, gases, and poor ventilation. Id. The ALJ limited Plaintiff to jobs with a reasoning level of 2 or less. Id. With this RFC, the ALJ determined at step five that Plaintiff is able to perform jobs that exist in significant numbers in the economy such as a small products assembler, silver wrapper, and price marker. Tr. 20-21. Thus, the ALJ concluded that Plaintiff is not disabled.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." Vasquez, 572 F.3d at 591 (internal quotation marks and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

## DISCUSSION

Plaintiff argues that the ALJ erred by rejecting the opinions of two examining psychologists, Dr. Sacks and Dr. Cooley. Social security law recognizes three types of physicians: (1) treating, (2) examining, and (3) nonexamining. Holohan v. Massanari, 246 F.3d 1195, 1201-02 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Generally, more weight is given to the opinion of a treating physician than to the opinion of those who do not actually treat the claimant. Id.; 20 C.F.R. §§ 1527(c)(1)-(2), 416.927(c)(1)-(2).

"To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence. If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it

5 – OPINION & ORDER

by providing specific and legitimate reasons that are supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted).

**I. Dr. Sacks**

Dr. Sacks's Diagnostic Impression concludes that Plaintiff suffers from chronic moderate post-traumatic stress disorder, somatoform disorder, a personality disorder, dependent and schizotypal traits, medical marijuana abuse, and psychosocial stress resulting from her homelessness and financial strain. Tr. 847. In evaluating Plaintiff's ability to do work-related activities on a sustained basis, he found that her impairments mildly affected her ability to understand and remember simple instructions, carry out simple instructions, and make judgments on simple work-related decisions. Tr. 849. He further noted that she was markedly limited in her ability to understand and remember complex instructions, carry out complex instructions, and make judgments on complex work-related decisions. Id. He also found that she was moderately limited in her ability to interact appropriately with the public, supervisors, and co-workers, and markedly limited in her ability to respond appropriately to usual work situations and changes in a routine work setting. Tr. 850. Dr. Sacks gave Plaintiff a Global Assessment of Functioning (GAF) score of 48. Tr. 847.

The ALJ gave Dr. Sacks's opinion limited weight. Tr. 19. He noted Dr. Sacks's marked and moderate limitations but reasoned that Dr. Sacks's opinion "does not preclude simple, routine tasks, which do not involve great stress or decision making." Id. The ALJ asserted that treatment records suggest Plaintiff's symptoms improve when she works because "she likes feeling productive." Id.

Plaintiff claims that the ALJ improperly dismissed the medical opinion of Dr. Sacks. Pl.'s Br. 6. Specifically, Plaintiff argues that "the ALJ did not give any reasons to dismiss Dr.

Sacks's opinion regarding Plaintiff's moderate limitations in her ability to interact appropriately with the public, with supervisors, and with coworkers." Id. at 5. Plaintiff also contends that the ALJ improperly rejected Dr. Sacks's marked limitations. Id. at 7.

Defendant argues that the ALJ properly gave limited weight to Dr. Sacks's medical opinion. Defendant explains that the ALJ's finding of moderate social functional limitations at steps two and three is not part of the RFC and that the ALJ did not err by failing to include such a limitation at step four. Def.'s Reply 9-10. Defendant also argues that the ALJ did not commit error when he gave Plaintiff a reasoning development level of 2 because he rejected Dr. Sacks's opinion that Plaintiff had marked limitations and, instead, relied on other substantial evidence in the record. Id. at 11.

The Court finds that the ALJ erred in his consideration of Dr. Sacks's medical opinion because the ALJ did not state specific and legitimate reasons for his decision. First, the ALJ did not adequately address the moderate limitations described by Dr. Sacks. Second, the ALJ's RFC is inconsistent with the ALJ's own conclusion that Plaintiff is limited to simple, routine tasks.

The ALJ's discussion of Dr. Sacks's opinion is unclear. He notes three limitations, two of which are marked and one of which is moderate. He then discusses only the marked limitations. The ALJ appears to have impliedly rejected the marked limitations by limiting Plaintiff to simple, routine tasks. The ALJ never discusses the moderate limitations which are addressed to Plaintiff's social functioning. Because it appears that the ALJ failed to provide any reason to reject the moderate limitation, the failure to include a limitation in the RFC addressing Plaintiff's social functioning is error.[1]

---

[1] The parties argue about whether the ALJ's finding at steps two and three, that Plaintiff has moderate limitations in social functioning, is a limitation the ALJ must adhere to in the RFC at step four. As the discussion above indicates, I need not resolve the issue but I note that the finding at steps two and three creates additional ambiguity about the ALJ's treatment of that limitation in the RFC.

7 – OPINION & ORDER

The ALJ's RFC, which gives Plaintiff a reasoning development level of 2, is also inconsistent with the ALJ's own conclusion that Plaintiff is markedly limited in some areas but can carry out "simple, routine tasks, which do not involve great stress or decision making." Tr. 19. Level 2 reasoning requires the ability to "apply commonsense understanding to carry out detailed but involved written or oral instructions. Deal with problems involving a few concrete variables in or from the standardized situations." Dictionary of Occupational Titles, App. C (Dep't of Labor 1991). The kind of varying and detailed work that level 2 reasoning includes is not consistent with Plaintiff's limitations to "simple, routine tasks." Therefore, by accepting "simple, routine tasks" as the boundaries of Plaintiff's abilities, the ALJ contradicted his own RFC. This inconsistency constitutes error.

In short, the ALJ erred in giving only limited weight to Dr. Sack's medical opinion without providing specific and legitimate reasons that are supported by substantial evidence. The ALJ's response to the moderate limitations outlined by Dr. Sacks is ambiguous and the ALJ's RFC is not compatible with his conclusions regarding Plaintiff's work-related abilities.

**II. Dr. Cooley**

Dr. Cooley opines that Plaintiff is "likely suffering from marked psychological distress." Tr. 761. Dr. Cooley diagnosed Plaintiff with post-traumatic stress disorder, dysthymia, cannabis dependence, pain disorder associated with both psychological factors and a general medical condition, personality disorder, and noted that she is likely depressed and has suffered a traumatic stress. Id. According to Dr. Cooley, a Miller Forensic Assessment of Symptoms Test (MFAST) suggests the probability of symptom exaggeration. Id.

The ALJ did not refute Dr. Cooley's opinion but concluded that Dr. Cooley's evaluation did not pertain directly to the issue of disability. Tr. 19. The ALJ discounted any symptoms

8 – OPINION & ORDER

more than serious and only credited the serious symptoms supported by the treatment record. Id. He highlighted the evidence of symptom exaggeration and determined that Plaintiff's malingering combined with secondary gain factors rendered Dr. Cooley's opinion "of little assistance in assessing her functional limitations." Id.

Plaintiff contends that the ALJ improperly rejected Dr. Cooley's medical opinion. Plaintiff argues that Dr. Cooley's opinion is relevant in assessing her ability to perform work-related activities. Plaintiff also argues that the ALJ did not conclusively diagnose Plaintiff with malingering. Finally, Plaintiff asserts that having a motive for obtaining a medical evaluation is not a legitimate reason to dismiss a Dr.'s medical opinion.

Defendant counters that "Plaintiff is mistaken, because the ALJ did not reject Dr. Cooley's opinion." Def.'s Reply 6. According to Defendant, the ALJ considered Dr. Cooley's opinion but determined that it was of little assistance in assessing her functional limitations because it assessed Plaintiff's mental state for the purposes of her criminal defense, not disability insurance.

The Court finds that the ALJ erred, in part, in his consideration of Dr. Cooley's medical opinion. The ALJ did not err when he rejected any symptoms more than serious because he provided specific and legitimate reasons that are supported by substantial evidence.

In determining that Dr. Cooley's opinion is of little assistance, the ALJ explained that Dr. Cooley's opinion "does not directly pertain to the issue of disability." Tr. 19. According to the ALJ, Dr. Cooley evaluated Plaintiff to determine her ability to aid and assist in her defense and whether she could appreciate the criminality of her actions. Defendant contends that the objective of the evaluation "was to assess Plaintiff's mental state for purposes of her criminal defense," not to evaluate her disability or assess her functional limitations. Def.'s Reply 6.

9 – OPINION & ORDER

While Plaintiff's motive for obtaining the medical assessment is not a valid reason to object Dr. Cooley's opinion, Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1998), the fact that the opinion does not determine Plaintiff's functional capacity and ability to work is a justifiable reason to give it limited weight.

The ALJ also reasoned that Plaintiff's secondary gain factors and symptom exaggeration undermined the value of Dr. Cooley's assessment. Plaintiff obtained the evaluation to avoid criminal punishment and Dr. Cooley observed "the possibility of an element of exaggeration of complaints and problems." Tr. 758. He explained that she represented "particularly bizarre and unlikely symptoms." Id. Dr. Cooley also highlighted that her score on the MFAST indicated the "potential of malingered symptoms," Tr. 760, and he later noted that her results indicated "the probability of symptom exaggeration."Tr. 761. Therefore, the ALJ had additional reasons to discount Dr. Cooley's opinion.

Although the ALJ has given two specific and legitimate reasons for rejecting any symptoms more than serious, he accepted Dr. Cooley's opinion that Plaintiff has serious symptoms. But the ALJ does not mention the serious symptoms in the RFC, and fails to explain how light work with a reasoning level of 2 is compatible with serious disability symptoms. Because the ALJ acknowledged Plaintiff's serious symptoms without accommodating them in the RFC, the ALJ erred.

### III. Remand for Additional Proceedings

Plaintiff seeks a remand for a determination of benefits. In social security cases, remands may be for additional proceedings or for an award of benefits. E.g., Garrison v. Colvin, 759 F.3d 995, 1019 (9th Cir. 2014) (explaining that if "additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded [,]" but "in

appropriate circumstances courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits") (internal quotation marks omitted).

To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. Id. at 1020; see also Treicher v. Comm'r, 775 F.3d 1090, 1100 (2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. Garrison, 759 F.3d at 1020. Second, the record must be fully developed and further administrative proceedings would serve no useful purpose. Id. Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. Id. To remand for an award of benefits, each part must be satisfied. Id.

The "ordinary remand rule" is "the proper course" except in rare circumstances. Treicher, 775 F.3d at 1101. Here, remand for additional proceedings is the proper course in this case. I do not view the ALJ as having improperly rejected Dr. Sacks's and Dr. Cooley's evaluations. Instead, the ALJ's opinion is ambiguous. This does not satisfy the first element of the remand test. Additionally, because the RFC omits limitations addressing the serious symptoms the ALJ accepted, and may further omit the moderate limitations in social functioning if those are accepted, the record is not fully developed. Accordingly, remand for additional proceedings is appropriate.

/ / /

/ / /

/ / /

/ / /

11 – OPINION & ORDER

CONCLUSION

Based on the foregoing, the ALJ's decision is reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g) for further administrative proceedings.

IT IS SO ORDERED.

Dated this 3 day of August, 2015

*Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

12 – OPINION & ORDER